IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT CHRISTOPHER ADAMS,
Plaintiff,

v.

Case No. 20–CV–00594–JPG

DUPONT and
EDWARD WALLACE,
Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Christopher Adams filed this products liability case on June 22, 2020 (Doc. 1). Federal Rule of Civil Procedure 4(m) requires defendants to be served within 90 days after the complaint is filed. FED. R. CIV. P. 4(m). To date, Plaintiff has not yet served Defendants, even after the Court granted him extensions to do so. For the reasons set forth below, Defendants are DISMISSED without prejudice from this action, which compels dismissal of this action as a whole, for Plaintiff's failure to serve Defendants within the allotted time frame. *See* FED. R. CIV. P. 4(m).

Although Plaintiff has failed to serve Defendants in this matter, he has filed numerous notices and motions with the Court since the beginning of this case. About a month after Plaintiff filed this action, he filed a motion to take into account and a motion to consider (Doc. 8, filed on July 20, 2020). In this motion, Plaintiff requested the Court to take into account and understand the limitations prisoners currently have while incarcerated due to the COVID-19 pandemic. While this matter appears to be related to issues that occurred before Plaintiff was incarcerated, he detailed for the Court that with the new COVID-19 restrictions on movement within the prison and frequent mail holds, his mail could be delayed. The Court recognized and noted this request in its Order entered on September 4, 2020 (Doc. 17).

On August 21, 2020, Plaintiff filed a motion to seek my own lawyer and 60 days to do so (Doc. 14), which the Court granted on September 4, 2020, allowing Plaintiff an additional 60 days to find an attorney to represent him in this present matter (Doc. 18). In that Order, the Court directed Plaintiff to file a status report on or before October 20, 2020 informing the Court whether he retained counsel or if he would continue with his case as a *pro se* litigant.

On September 16, 2020, Plaintiff filed a motion of request for subpoena (Doc. 19) and a motion for status (Doc. 20). In those motions, Plaintiff requested the Court to send him a blank subpoena form and the address for Stroger Hospital, and he informed the Court that he would proceed *pro se*, even though the Court previously granted him until October 20, 2020 to inform the Court as to whether he found counsel or would proceed *pro se*. The Court denied Plaintiff's motion of request for subpoena, reminding Plaintiff that the Court did not have the address for Stroger Hospital and had previously sent him a blank subpoena form as a one-time courtesy (Docs. 21, 15). The Court granted Plaintiff's motion for status, recognizing that Plaintiff would proceed *pro se* and reminding Plaintiff of Federal Rule of Civil Procedure 4(m), which requires defendants to be served within 90 days after the complaint is filed (Doc. 21). The Court was explicit that if Plaintiff did not serve Defendants in that time frame, the Court would dismiss Defendants, which would compel dismissal of the entire case. *Id*. The Court entered this Order on September 23, 2020, two days after the 90-day service time period lapsed on September 21, 2020. Accordingly, the Court *sua sponte* gave Plaintiff an extension until October 20, 2020 to serve Defendants. The Court also reminded Plaintiff to consult the Pro Se Litigant Guide on the Court's website should he have additional questions (Doc. 21).

Instead of serving Defendants, Plaintiff filed a motion to always give an extension of time and a motion for counsel on October 8, 2020 (Doc. 22), which the Court denied on October 15, 2020 (Doc. 23). In this Order, the Court, again, reminded Plaintiff to serve Defendants by October 20, 2020. *Id.* Plaintiff then filed another motion to appoint counsel on October 23, 2020 (Doc. 24), which the Court again denied (Doc. 25) on October 27, 2020. The Court held that Plaintiff had not met the threshold burden of showing that he made a reasonable attempt to obtain counsel on his own as he had not contacted at least three attorneys who handle cases like the present matter (Doc. 25) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)

On October 27, 2020, the Court entered an Order to Show Cause, directing Plaintiff to either serve Defendants or respond to this Order demonstrating good cause as to why this case should not be dismissed since he missed the extended deadline of October 20, 2020 to serve Defendants (Doc. 26). The Court instructed Plaintiff to "include a detailed plan to identify and serve the two Defendants." *Id.* The Court gave Plaintiff a deadline of November 17, 2020 to respond.

On November 2, 2020, Plaintiff filed three motions and a response, requesting another extension to serve Defendants and detailing that the delay in serving Defendants in this case is due to a series of issues he is experiencing both in prison and with his family outside of prison (Docs. 27, 28, 29, 30, 31). Plaintiff also explains that access to the law library is limited at the prison due to the COVID-19 pandemic. Plaintiff did not provide a detailed plan to identify and serve the two Defendants, nor has he served the Defendants by November 17, 2020. On December 1, 2020, Plaintiff filed a motion for status and a supplement to his motion for appointment of counsel, detailing that he has sent letters to two different attorneys to attempt to retain counsel in this case (Doc. 31).

In this matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. But those difficulties do not excuse him from complying with Court-imposed deadlines and the Court has an independent responsibility to manage its docket. Additionally, the Court understands the unique nature of the COVID-19 pandemic and its impact on prisoners, which is why the Court has given Plaintiff multiple chances and extensions to serve Defendants. Plaintiff has had more than five months to serve Defendants and still has not served them or provided the Court with a detailed plan to identify them and serve the two Defendants, as ordered in the Court's Order to Show Cause (Doc. 26). Accordingly, Defendants are DISMISSED without prejudice from this action pursuant to Federal Rule of Civil Procedure 4(m), which compels dismissal of this action in its entirety. Plaintiff's pending motions (Docs. 27, 28, 29, 31, 32, 33) will be terminated. Judgment will be entered accordingly, and this case will be closed on the Court's docket.

**IT IS SO ORDERED.**

**Dated: Thursday, December 17, 2020**

> S/J. Phil Gilbert
> **J. PHIL GILBERT**
> **UNITED STATES DISTRICT JUDGE**